# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY.

## SEPTEMBER TERM, 1887.

CASE 12—PETITION ORDINARY—SEPTEMBER 13, 1887.

## Ratliff v. Ferguson.

APPEAL FROM PIKE CIRCUIT COURT.

A SHERIFF MAY SUE HIS DEPUTY to recover taxes collected and withheld by the deputy, without first having satisfied his bonds to the Commonwealth and county; and neither the Commonwealth nor the county is a proper party to such an action, the undertaking of the deputy being to pay or account to his principal.

JAMES E. STEWART FOR APPELLANT.

A deputy sheriff is liable to his principal for failing to account for and pay over public dues, and his principal may sue to recover before he has been ƒsued or has accounted for the public money. (Colter v. Morgan, 12 B. M., 279; Kouns v. Davis, 2 B. M., 279.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

In his petition and amended petition, appellant in substance states he was, during the years 1881 and 1882, the qualified and acting sheriff, and also collector of the State revenue and county levy taxes for Pike county; that during the same period appellee was his duly appointed and qualified deputy, and as such undertook and agreed to collect the revenue and county

levy taxes within certain enumerated districts of the
county, books containing lists thereof being placed in
his hands for that purpose, and when, and as collected,
to pay over the same to appellant.  He states that
appellee, as deputy sheriff, did, during the two years
mentioned, actually collect such taxes to the amount
of $——, but though requested, has failed and refused
to pay or account to appellant for two thousand and
eighty-two dollars and eighty-four cents thereof, which
is the sum left in his hands and appropriated by him
to his own use, after deducting from the whole amount
he so collected all the proper credits.

He farther states that, during the year 1871, he was
likewise sheriff of the county, and appellee, as his
deputy, was intrusted with the collection of taxes,
and did collect a large amount, five hundred and thir-
teen dollars and thirteen cents of which he has failed
and refused to account for or pay over to appellant.

He files with his petition an itemized account of taxes
collected by appellee as deputy sheriff, and the bal-
ance left in his hands each of the three years, after
making proper deductions, and asks for judgment
against him therefor.

To the petition and amended petition a special de-
murrer was filed, the grounds thereof being:

1. That the "plaintiff has not the legal capacity to
sue for the subject-matter in litigation set up in the
amended-petition relating to taxes, revenues and pub-
lic dues for the year 1882."

2. That "there is a defect of parties plaintiffs both
to the original and amended petition."

And it was adjudged that the demurrer to so much

of the petition as seeks to recover for taxes and dues for the year 1881 and 1882 be sustained.

Though it is not in terms so decided, the effect of the judgment on the demurrer was to overrule it as to that part of the petition and amended petition which relates to taxes collected by the defendant in 1871. And as the plaintiff alleged he had fully paid off all the revenue and public dues to the State for that year and obtained a quietus, but did not make the same averment in respect to the years 1881 and 1882, we infer that it was by the lower court deemed essential to maintain the action that the plaintiff first satisfy and discharge the revenue and county levy bonds executed by himself; for we can conceive of no other possible obstacle to a recovery upon the facts stated by the plaintiff in this action.

It is to the revenue and levy bonds required by law to be executed by the sheriff before he enters upon the duties of tax collector that the Commonwealth and county must respectively look for redress in case of his defalcation. And as the sheriff, after giving such bonds, may collect the taxes with or without the aid of a deputy, it is obvious the latter is not a necessary or proper party to the contract with the Commonwealth or county, nor can he be held liable for his defalcation in a direct civil action or proceeding by either. Whatever obligation to collect and pay over taxes the deputy may enter into is with the principal sheriff or collector. Consequently, if the latter cannot recover from him taxes collected and illegally appropriated to his own use no action can be maintained for such breach. There being no privity of contract between the Com-

monwealth or county and the deputy as such, nor any agreement on his part to pay taxes collected into either the State or county treasury, but his undertaking being to pay or account to the principal, neither the Commonwealth nor the county of Pike is a proper party to this action.

Nor do we perceive the justice or sound policy of requiring the sheriff or collector to first fully satisfy and discharge his bonds to the Commonwealth and county before suing his defaulting deputy.   For as the ability of the sheriff or collector to comply with his contract may and does materially depend upon the promptitude and good faith of his deputy, to take from him the right to sue for and recover taxes collected and withheld by such deputy would, in many cases, cause his own defalcation.

The right of the sheriff or collector to sue his deputy for a failure to pay over money collected by him as such deputy, "without waiting to be sued himself, and without having first discharged the liability," has been distinctly recognized by this court in Kouns v. Davis, 2 B. M., 278, and Colter v. Morgan, 12 B. M., 278.)

In our opinion the facts stated by the plaintiff constitute a cause of action in his favor alone, for the taxes alleged to have been collected in the years 1881 and 1882, and withheld by the defendant, and the judgment sustaining the demurrer is reversed, and cause remanded for further proceedings consistent with this opinion.